Honorable Oscar H. Mauzy Chairman Senate Committee on Jurisprudence Texas State Senate State Capitol Building Austin, Texas 78711
Re: Legality under new state wiretap law of certain products now offered for sale in Texas
Dear Senator Mauzy:
The Sixty-seventh Legislature enacted House Bill No. 360, commonly known as the `wiretap bill.' Acts 1981, 67th Leg., ch. 275, at 729. This bill amended section 16.02 of the Penal Code and enacted article 18.20 of the Code of Criminal Procedure. You have asked several questions concerning the relationship between this bill and its federal counterpart,18 U.S.C. § 2510 et seq., the `Omnibus Crime Control and Safe Streets Act of 1968' (hereinafter Omnibus Crime Control Act). You have also forwarded copies of advertisements for particular electronic devices currently for sale in Texas and asked whether these devices are `primarily designed or used for the nonconsensual interception of wire or oral communications.' See Code Crim. Proc. art. 18.20, § 1(4).
Your questions can be more readily addressed if certain differences between the state and federal laws are kept in mind. Article 18.20, section 1(4) of the Texas Code of Criminal Procedure defines an `electronic, mechanical, or other device' as:
 a device or apparatus primarily designed or used for the nonconsensual interception of wire or oral communications.
This term is defined in the federal law,18 U.S.C. § 2510(5), as:
 Any device or apparatus which can be used to intercept a wire or oral communication other than:
 (a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business; or (ii) being used by a communications common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties;
 (b) a hearing aid or similar device being used to correct subnormal hearing to not better than normal.
You ask whether these definitions are the same, and, if they are not, how they differ.
Section 16.02(d) of the Texas Penal Code provides that:
 Except as provided by Subsection (e) of this section, a person commits an offense if he knowingly or intentionally manufactures, assembles, possesses, sells, sends, or carries an electronic, mechanical, or other device that is designed primarily for nonconsensual interception of wire or oral communications. (Emphasis added).
Section 2512(1) of the federal act provides that:
 Except as otherwise specifically provided in this chapter, any person who willfully:
 (a) sends through the mail, or sends or carries in interstate or foreign commerce, any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or oral communications;
 (b) manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or oral communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; or
 (c) places in any newspaper, magazine, handbill, or other publication any advertisement of
 (i) any electronic, mechanical, or other device knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or oral communications; or
 (ii) any other electronic, mechanical, or other device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of wire or oral communications, knowing or having reason to know that such advertisement will be sent through the mail or transported in interstate or foreign commerce, shall be fined not more than $10,000 or imprisoned not more than five years, or both. (Emphasis added).
You ask:
 Are the Texas law [section 16.02(d) of the Penal Code] and federal law [section 2512(1) of the federal act] compatible or are they in conflict? If they are compatible and the federal law is more stringent, can the state law be less so? If they are compatible and the federal law is less stringent, can the state law be more so? Does the federal or the Texas law take precedence?
You appear to be asking whether section 16.02(d) of the Penal Code and article 18.20, section 1(4) of the Code of Criminal Procedure are preempted by the federal act. We answer in the negative. We also conclude that these state laws raise no question of constitutional privacy, contrary to what your questions appear to assume.
Besides defining `electronic, mechanical, and other device' and regulating various activities pertaining thereto, the 1968 federal Omnibus Crime Control Act regulates the interception of oral and wire communications. Section 2516 of the federal act lists the federal officers who may seek a judicial order authorizing electronic surveillance, and this section and others specify conditions which must be satisfied before such an order may be granted. Section 2516 of the federal act also permits certain state officers to apply to state courts for a wiretapping order. Paragraph (2) provides that:
 The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire or oral communications, may apply to such judge for, and such judge may grant in conformity with section 2518 of this chapter and with the applicable State statute an order authorizing, or approving the interception of wire or oral communications by investigative or law enforcement officers having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of [certain specified crimes] designated in any applicable State statute authorizing such interception, or any conspiracy to commit any of the foregoing offenses. (Emphasis added).
Case law establishes that Congress has `preempted the field' with respect to the regulation of the interception of oral and wire communications. As to the significance of section 2516(2), courts have declared that:
 Several principles emerge from Decisions interpreting 18 U.S.C. § 2516(2) providing for state regulation of electronic surveillance. First, the federal act is not self-executing on the states; in order to obtain a wiretap warrant from a state court there must be a state wiretap statute in effect. [Citations omitted]. Second, although a state may adopt a statute with standards more stringent than the requirements of the federal law [citations omitted], a state may not adopt a statute with standards more permissive. . . .
State v. Farha, 544 P.2d 341, 347-48 (Kan. 1975). See State v. Seigel, 285 A.2d 671 (Md.App. 1971); People v. Shapiro, 409 N.E.2d 897 (N.Y.Ct.App. 1980). In other words, a state must, if it enacts concurrent legislation dealing with the interception of oral and wire communications, enact laws containing standards at least as strict as those set forth in the federal act.
The portions of the state and federal wiretap laws with which you are concerned do not, however, deal with the interception of oral and wire communications. Instead, they define `electronic, mechanical, or other device' and regulate the manufacture, assembly, etc., thereof.
The legislative history of Title III indicates that Congress did not intend that 18 U.S.C. § 2512 preempt state laws enacted to address the same narrow subject matter. See S. Rep. No. 1097, 90th Cong., 2d Sess., U.S. Code Cong. Admin. News 1968, 2112, 2183, cited in United States v. Upton, 502 F. Supp. 1193, 1196
(D.N.H. 1980).
We conclude that Congress has not preempted the `device' field, as it has the field of electronic surveillance. As regards `devices,' therefore, states are free to legislate as they see fit. In other words, they may — as Texas has — enact legislation which proscribes at the state level conduct which congress has prohibited at the federal level.
The language of the federal act itself shows that it applies to certain devices which are sent through the mail or transported in interstate or foreign commerce.18 U.S.C. § 2512(1). The Texas laws, on the other hand, apply to all devices designed primarily for nonconsensual interception of wire or oral communications found in Texas, regardless of whether they will be mailed or otherwise placed in interstate commerce. To the extent that the state laws apply to purely intrastate activities, they are unaffected by the federal act. Congress has chosen to regulate activities which have a nexus with interstate commerce, regardless of whether it could constitutionally have done otherwise. See United States v. Burroughs, 564 F.2d 1111 (4th Cir. 1977).
Moreover, even to the extent that the Texas statutes regulate activities which have a nexus with interstate commerce, viz., the manufacture, assembly, etc., of devices which will be sent through the mails or transported in interstate or foreign commerce, they are not preempted by the federal act. The federal provisions regulating `devices' contain no statute analogous to section 2516(2) which seeks to define the parameters within which states may legislate, and there is no other evidence to indicate that Congress preempted this particular field. Challenged state action will not be regarded as `preempted' where it does not stand `as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' Hines v. Davidowitz, 312 U.S. 52, 67 (1941). Federal regulation of a field of commerce will not be deemed preemptive of state regulatory power absent `persuasive reasons — either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained.' Florida Lime and Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142 (1963).
In short, insofar as they define `electronic, mechanical, or other device' and regulate the manufacture, assembly, etc., thereof, we conclude that the Texas wiretap statutes to which you refer are not preempted by the federal act and may stand alongside that act. Offenses occurring within Texas may, therefore, constitute a violation of state law, federal law, or both. In view of our analysis, we deem it unnecessary to explore the question of whether, and how, the state and federal acts otherwise differ.
With respect to the privacy issue, it is true that requirements in the 1968 Omnibus Crime Control Act which are designed to protect an individual's right of privacy are the minimum standard and must be construed strictly. See, e.g., United States v. Sotomayor,592 F.2d 1219 (2d Cir. 1979); United States v. Marion,535 F.2d 697 (2d Cir. 1976). `Privacy' is an issue, however, only in the area of electronic surveillance, i.e., the interception of oral and wire communications. There are no federal privacy standards applicable to devices. Unlike state legislation in the `interception' field, therefore, legislation in the `device' field, i.e., section 16.02(d) of the Penal Code and article 18.20, section 1(4) of the Code of Criminal Procedure, raises no question of constitutional privacy.
As previously noted, you have submitted advertisements for certain listening and recording devices currently sold in Texas. Copies of these advertisements are attached. One such device is attached to a telephone and automatically records both sides of phone conversations. Others are a voice activated control switch and a wireless microphone. You ask whether these devices are prohibited by section 16.02(d) of the Penal Code.
Section 16.02(d) of the Texas Penal Code prohibits, among other things, the manufacture, sale, or sending of a `device that is designed primarily for nonconsensual interception of wire or oral communications.' The phrase `designed primarily for nonconsensual interception of wire or oral communications' is derived from language used in the federal statute. 18 U.S.C. § 2512. See Attorney General Opinion H-770 (1976). Because the Texas statute is newly enacted, its language has not yet been judicially construed. The language of section 2512 from which that of the Texas statute is derived, however, has been construed by the federal courts to mean that, in order to be prohibited under the `primarily useful'/'primary design' test, the design of the device whose legality is questioned must possess attributes emphasizing the surreptitious character of its use. United States v. Schweihs, 569 F.2d 965, 968 (5th Cir. 1978) (citing S. Rep. No. 1097, 90th Cong., 2d Sess., U.S. Code Cong. Admin. News, 2183-84, which notes as examples the martini olive transmitter and fountain pen microphone). This construction is consistent with the tenor of section 16.01(b) of the Texas Penal Code, which defines a `criminal instrument' as anything `specially designed, made or adapted for use in the commission of an offense.'
The answer to your question thus depends upon facts relating to the design of the device. Certain facts about these items can be discerned from the advertisements. As previously stated, we have appended copies of these advertisements to this opinion in order to show clearly the facts upon which our answer is based. It is our opinion, based on an examination of the advertisements, that these devices are not prohibited by this Penal Code provision because they do not exhibit design characteristics marking an intent for surreptitious use. A device is not prohibited because it is small or may be adapted to wiretapping or eavesdropping, but only if its design makes the likelihood of covert use apparent, as for example, where the device is disguised to mask its true function.
Thus, we cannot conclude from the advertisements submitted to us that the advertised devices are prohibited by section 16.02(d) of the Penal Code.
 SUMMARY
Section 16.02(d) of the Texas Penal Code and article 18.20, section 1(4) of the Texas Code of Criminal Procedure, as enacted and amended by House Bill No. 360, are not preempted by federal statutes,18 U.S.C. § 2510(5) and 2512(1), and are compatible with those provisions.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General